ANNA VANCURA, APPELLEE, V. ZAPADNI CESKO BRATRSKA ZEDNOTA, APPELLANT.

FILED APRIL 18, 1907.    No. 14,791.

Insurance: ASSESSMENTS: PAYMENT. When it is the custom of a collecting agent or officer of a fraternal beneficiary association to receive by mail remittances from its members at a certain post office, and the official stationery of such agent designated that post office as his address, a remittance of an assessment, addressed to such agent, reaching the designated post office on the day it became due, is a payment of the assessment, where there is no provision in the contract of insurance to the contrary, although

the money was not delivered until later to the agent, who, unknown to the insured or his beneficiary, had changed his place of receiving mail from the designated post office to a rural delivery route.

APPEAL from the district court for Colfax county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*Brome & Burnett,* for appellant.

*F. Dolczal, contra.*

EPPERSON, C.

January 21, 1900, appellant, a beneficiary association, issued a certificate to Voclav Vancura, a member of the order, and agreed in the event of his death in good standing to pay a stated sum to his wife, who instituted this suit after her husband's demise and secured a directed verdict for $1,112.58, and costs. Appellant defended on the ground that the insured was suspended for nonpayment of assessments and his certificate therefore not in force at the time of his death. It appears that one Urban was financial secretary of the local lodge of which Vancura was a member, and, under the constitution and by-laws, all dues and assessments of the members of that lodge were to be paid to him. Urban lived in the country, seven miles from Clarkson, Nebraska, and obtained his mail by means of a rural delivery route from that village. Vancura resided at Howells, Nebraska. Under the rules of the association it was his duty to pay to Urban an assessment on or before the 28th day of each month, in default of which he was subject to suspension, and his insurance forfeited, unless afterwards reinstated according to the laws of the association. It was Vancura's custom to remit assessments by mail, addressed to Urban at Clarkson, Nebraska. Urban's official stationery designated "Clarkson, Nebraska," as his post office address, and it does not appear that insured or his beneficiary knew of any other address or were informed that the secretary had changed his post office and received his mail by rural delivery.

December 28, 1903, Vancura mailed a draft for his December assessment at the post office in Howells, addressed to Urban at Clarkson, Nebraska. This letter arrived in Clarkson on the evening of the 28th, and, through the usual mail service, was delivered to Urban's residence in the country by the rural mail carrier at 2 P. M. on December 29. Urban, prior to receiving the draft on the 29th, made out and forwarded his monthly report, stating therein that Vancura was suspended for nonpayment of December assessment. Insured was not reinstated and died April 7, 1904.

Under the facts in this case, was Vancura wrongfully suspended? We think he was. The by-laws and regulations did not prescribe the method of payment, and the secretary having received prior assessments by mail, the use of the mail in making payment of the assessment in controversy cannot now be questioned as the proper method. *Hartford L. & A. Ins. Co. v. Eastman,* 54 Neb. 90. It seems clear from the undisputed evidence that, as far as the insured and his beneficiary were concerned, "Clarkson, Nebraska" was the post office address of the secretary of the lodge. The secretary by his conduct designated "Clarkson, Nebraska," as the place of payment, and an assessment mailed so as to reach the secretary on the 28th day of December at the place designated for payment was sufficient, and prevented the suspension of the member and the cancelation of his certificate, and it is immaterial that the draft was not actually received by the officer at another post office address not designated as the place of payment. See *Hartford L. & A. Ins. Co. v. Eastman, supra; Primeau v. National Life Ass'n,* 28 N. Y. Supp. 794; *Whitley v. Piedmont & A. L. Ins. Co.,* 71 N. Car. 480.

We do not think appellant should be permitted to avoid its liability on the ground urged, and recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.